**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NIDEC MOTOR CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-443-JRG-RSP |
| | § | |
| BROAD OCEAN MOTOR LLC, BROAD | § | |
| OCEAN TECHNOLOGIES LLC, | § | |
| ZHONGSHAN BROAD OCEAN MOTOR | § | |
| CO. LTD., MOTORS AND | § | |
| ARMATURES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Pending before the Court is Defendants Zhongshan Broad Ocean Motor Co. Ltd. (Broad Ocean China), Broad Ocean Motor LLC (Broad Ocean Delaware), Broad Ocean Technologies LLC (Broad Ocean Michigan), and Motors and Armatures, Inc.'s (MARS) Motion to Transfer Venue to the Eastern District of Missouri Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 12.) Defendants assert that this case should be transferred to the Eastern District of Missouri, in part, because the Eastern District of Missouri is already familiar with the Asserted Patents. (Dkt. No. 12-5.) Plaintiff Nidec Motor Corporation opposes transfer. The Court finds that transfer is warranted in this case.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a

district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## ANALYSIS

### A.      Proper Venue

The parties do not dispute that the Eastern District of Missouri is a proper venue. (*See* Dkt. No. 19 at 3–4 ("Nidec . . . does not dispute that this case could have been initially and properly brought in the Eastern District of Missouri.").)

### B.      Private Interest Factors

#### 1.      Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Defendants assert that they do not maintain documents in locations easily accessible from the Eastern District of Texas. First, Defendants say that Broad Ocean China's documents are in China because its headquarters, manufacturing, and research facilities "relevant to the Accused Products" are in Zhongshan, China and its sales and distribution offices are in Hong Kong. (Dkt. No. 12-2 ¶7.) Second, Defendants claim that Broad Ocean Michigan's documents are not relevant. Defendants assert that Broad Ocean Michigan's research and development offices are in Detroit but that those "research and development offices . . . are not relevant to the Accused

Products." (Dkt. No. 12-2 ¶9.) Third, Defendants assert that Broad Ocean Delaware's documents are in Illinois and Missouri because the "technical support offices relevant to the Accused Products" are in Westmont, Illinois and Washington, Missouri. (Dkt. No. 12-2 ¶8.) Finally, Defendants say that MARS's headquarters are in Hauppauge, New York and that its distribution facilities are in Earth City, Missouri and Halton Hills, Ontario, Canada. (Dkt. No. 12 at 3.)

Nidec asserts that this factor does not favor transfer. Nidec says "Defendants admit that '[a]ll of [their] [] documents related to the Accused Products that are relevant to this action are stored on [Broad Ocean China's] servers and computer systems in Zhongshan, China.'" (Dkt. No. 19 at 4 (quoting Dkt. No. 12 at 2–3).) Nidec notes that "these issues are really red herrings, given the reality of modern discovery and document production. Specifically, lead counsel for both Plaintiff and Defendants are . . . in Houston, Texas. All documents that will be produced will, therefore, find their way to Houston for review, regardless of where they originate." (Dkt. No. 19 at 4.)

The Court finds that this factor favors transfer. The entities with documents relevant to this case are Broad Ocean China, Broad Ocean Delaware, and MARS. Broad Ocean China keeps its documents in Zhongshan, China. Those documents are difficult to access from both the Eastern District of Texas and the Eastern District of Missouri. However, Broad Ocean Delaware and MARS have documents that are more accessible from the Eastern District of Missouri than from this District. Principally, the Court notes that Broad Ocean Delaware and MARS both have facilities in St. Louis, Missouri, and that MARS's headquarters are in closer to St. Louis in Hauppauge, New York.

## 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342. In assessing this factor, the Court considers the convenience of the party and non-party witnesses. The convenience of the non-party witnesses carries the greatest weight in the analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should [also] assess the relevance and materiality of the information the witness may provide" but should not require the movant to identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Genentech*, 566 at 1343–44.

Defendants assert that this factor favors transfer because several material witnesses are in or close to the Eastern District of Missouri. Defendants state that Craig J. Nordby and Arthur E. Woodward, the inventors, live in St. Louis, Missouri and the prosecuting attorneys live in St. Louis and Overland Park, Kansas. Nidec, in response, contends that this factor is neutral because Defendants' evidence shows that "most of Defendant[s'] potential witnesses reside outside of the Eastern District of Missouri." (Dkt. No. 19 at 5.)

The Court finds that this factor favors transfer. Defendants have identified four party witnesses that live in Missouri and Illinois. (Dkt. No. 12-2 ¶¶14, 15, 17, 18.) The Court notes that it would be more convenient for these witnesses to attend trial in the Eastern District of Missouri than it would be for them to attend trial in the Eastern District of Texas.

## 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

The Court may order a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if she "would not incur substantial expense." Fed.

R. Civ. P. 45(c)(1)(B). The Court may also order a person to attend a deposition at a location that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses normally do not require compulsory process. The Court's analysis of this factor primarily focuses on third-party witnesses.

The Court finds that this factor favors transfer. The Eastern District of Missouri has compulsory process power over several third-party witnesses including Mr. Nordby and Mr. Woodward, the inventors, and the prosecuting attorney for one of the Asserted Patents. (Dkt. No. 12 at 9.) Nidec has not shown that the Eastern District of Texas has compulsory process power over any third-party witnesses.

**4.** **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The Court finds that this factor favors transfer. Four years ago, Nidec sued SNTech, Inc. for infringement of the Asserted Patents in the Eastern District of Missouri. On March 19, 2014, the Eastern District of Missouri issued an Order construing the disputed terms. (Dkt. No. 12-5.) The Eastern District of Missouri has construed the Asserted Patents. It is familiar with those patents and this Court is not.

**C.** **Public Interest Factors**

**1.** **Local Interest in Having Localized Interests Decided at Home**

Defendants contend that this factor favors transfer because Nidec does not have offices or employees with "relevant knowledge in this district" and Defendants do not have "offices or employees in the Eastern District of Texas." (Dkt. No. 12 at 13.) Nidec, in response, states that Defendants' interests are "spread all over the globe," therefore, "[t]his factor is neutral or only slightly favors transfer." (Dkt. No. 19 at 7.)

The Court finds that this factor is neutral as to transfer. The Court notes that Defendants'

interests are concentrated in Zhongshan, China and St. Louis, Missouri. However, the Court also

notes that Nidec has three offices in Texas—Dallas, Houston, and Austin. (Dkt. No. 12 at 2 n.3.)

Thus, just as a finding of infringement may affect Defendants' operations in Missouri, a finding

of non-infringement may affect Nidec's operations in Texas.

        **2.**        **Administrative Difficulties Flowing From Court Congestion**

The parties agree that this factor weighs against transfer. (Dkt. No. 12 at 12 ("Thus, this

factor weighs slightly against transfer."); Dkt. No. 19 at 7 ("The factor weighs strongly against

transfer.").)

        **3.**        **Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that these factors are neutral as to transfer.

## CONCLUSION

Four factors favor transfer and one disfavors transfer. A motion to transfer venue should

be granted if the moving party shows that one venue is "clearly more convenient" than another.

*Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court having considered the facts

and law finds that the Eastern District of Missouri "clearly more convenient." Defendants'

Motion to Transfer Venue Pursuant to the Eastern District of Missouri Pursuant to 28 U.S.C.

§ 1404(a) (Dkt. No. 12) is **GRANTED**. The Clerk is directed to transfer this case to the Eastern

District of Missouri.

        **SIGNED this 26th day of February, 2016.**

_____

ROY S. PAYNE

UNITED STATES MAGISTRATE JUDGE